UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DARRYL MAURICE YOUNG,

    Petitioner,

v.                                      CASE NO. 6:06-cv-733-Orl-18JGG

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondents.

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. No. 1, filed May 30, 2006). Respondents filed a response to the petition in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 22, filed October 5, 2006). Petitioner filed a reply to the response (Doc. No. 24, filed November 2, 2006).

*Procedural History*

On July 12, 1999, Petitioner entered pleas of nolo contendere to one count of driving under the influence manslaughter, two counts of driving under the influence resulting in serious bodily injury, and one count of leaving the scene of an accident with a death. On July 13, 1999, the state trial court sentenced Petitioner to four concurrent terms of imprisonment of 20.425 years. Petitioner did not directly appeal his convictions or sentences.

On or about April 4, 2000, Petitioner filed a Florida Rule of Criminal Procedure Rule 3.850 motion for post-conviction relief,[1] which was denied on August 23, 2000. Petitioner appealed, and the Fifth District Court of Appeal of Florida affirmed in part and reversed in part. The case was remanded, and on October 15, 2001, the state trial court denied relief. Petitioner appealed, and the appellate court affirmed *per curiam*. Mandate was issued on January 4, 2002.

On June 22, 2000, while his first Rule 3.850 motion was pending, Petitioner filed a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800. The Rule 3.800 motion was denied on August 23, 2000. Petitioner appealed, and the appellate court affirmed *per curiam*. Mandate was issued on October 27, 2000.

On September 25, 2000, while Petitioner's first Rule 3.850 and 3.800 proceedings appeals were pending, Petitioner filed a petition for writ of habeas corpus with the state appellate court seeking to file a belated appeal of his convictions and sentences. The appellate court appointed a commissioner to review the petition, and the commissioner determined that no basis existed to permit a belated appeal. On January 16, 2001, the appellate court denied the petition for writ of habeas corpus.

---

[1] This is the filing date under the "mailbox rule." *See Thompson v. State*, 761 So.2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if that the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date."). All further references to the filing date of pleadings by Petitioner shall be the filing date under the mailbox rule, unless otherwise noted.

On January 12, 2001, Petitioner filed a second Rule 3.850 motion for post-conviction relief. The state trial court denied the motion, and Petitioner appealed. The appellate court affirmed *per curiam*. Mandate was issued on June 1, 2001.

On April 17, 2001, Petitioner filed a second Rule 3.800 motion to correct illegal sentence. The state trial court denied the motion, and Petitioner appealed. The appellate court affirmed *per curiam*. Mandate was issued on January 4, 2002. The Florida Supreme Court denied discretionary review jurisdiction on January 11, 2002.

On November 7, 2001, Petitioner filed two additional Rule 3.800 motions, which were denied by the state trial court on January 23, 2002. Petitioner did not appeal. It appears that Petitioner filed another Rule 3.800 motion with the state trial court on February 11, 2002, which was denied on October 21, 2002. Petitioner did not appeal. Thereafter, on December 5, 2002, the state trial court barred Petitioner from filing documents in a pro se capacity.

*Petitioner's Habeas Corpus Petition is Untimely*

Pursuant to 28 U.S.C. § 2244:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

  (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

3

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

Pursuant to § 2244(d)(1)(A), Petitioner had one year, absent any tolling, from the date his convictions became final to file his federal habeas corpus petition. Petitioner's state court judgments are dated July 13, 1999. He then had thirty days to file a direct appeal. *See* Fla. R. App. P. 9.140(b)(3). Since Petitioner did not file a direct appeal, his convictions became final on August 12, 1999, thirty days after the written sentences were rendered. Thus, he had through August 12, 2000, absent any tolling, to file his § 2254 petition.

Although Petitioner filed numerous state post-conviction matters from April 4, 2000, through February 11, 2002, which would have arguably tolled the one-year period, Petitioner had no state court proceedings pending from December of 2002 through April of 2004.[2] Therefore, over one year lapsed wherein no state court proceedings were pending

---

[2]The record indicates that on April 27, 2004, Petitioner initiated an action against the clerk of the circuit court in the Fifth District Court of Appeal.

4

to toll the statute of limitations. Thus, the instant habeas petition was not timely filed and must be denied.

In his reply brief, Petitioner states in a conclusory fashion that he "is actually innocent under federal law's [sic]." (Doc. No. 24 at 2.) Thus, it appears Petitioner may be arguing that the one-year limitation should not bar his claims because he is "actually innocent." For purposes of this discussion, the Court will assume, without deciding, that a showing of actual innocence is sufficient to relieve habeas petitioners from the burdens imposed by § 2244(d).[3] "[I]n order to present a valid claim of actual innocence the petitioner must show that there is reliable 'new' evidence (i.e. not presented at trial) 'showing that it is more likely than not that no reasonable juror would have convicted him.'" *Thomas v. Straub*, 10 F. Supp. 2d 834, 836 (E.D. Mich. 1998). In the present case, Petitioner does not support his allegation of innocence with sufficient evidence to undermine the Court's confidence in the outcome of his criminal proceedings. *See Schlup v. Delo*, 513 U.S. 298, 316 (1995). Petitioner simply has not presented new, reliable evidence demonstrating his actual innocence. Therefore, he does not come under the actual innocence exception, if such an exception exists.

---

[3] In *Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1218 (11th Cir. 2000), the Eleventh Circuit Court of Appeals declined to decide whether there is an actual innocence exception to the time limitation of § 2244(d). Instead, the court stated that "the factual issue of whether the petitioner can make a showing of actual innocence should be first addressed . . . ."

5

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1.  This case is **DISMISSED WITH PREJUDICE.**

2.  The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida, this ___4___ day of November, 2006.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies to:
sc 11/30
Darryl Maurice Young
Counsel of Record

6